ROY L. SIMONS, Claimant and Appellant, v. M. W. FISHER and BRUCE LEIGHTY, Employers, and Industrial Accident Board, Defendants and Appellee.

No. 10905.
Submitted November 30, 1965. Decided December 30, 1965.
409 P.2d 449.

Lee A. Jordan (argued), Missoula, for appellant.
L. V. Harris (argued), Helena, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This case originated as a hearing before the Industrial Accident Board. Upon denial of the relief sought claimant appellant, Roy L. Simons, petitioned for a rehearing which was denied. The case was then appealed to the district court where the matter was decided, by the Court, without additional evidence. The district court's findings of fact and conclusions of law supported the Board's original decision, and this appeal resulted.

Roy L. Simons was injured in a logging truck accident August 13, 1962, when the truck, which was owned and driven by one M. W. Fisher, left an unimproved road and turned over. At the time Simons and Fisher were *en route* to the Leighty Brothers' sawmill where the truck was to deposit its load.

Mr. Fisher was what is referred to as a "jippo" logger, and at this time was working in conjunction with Leighty Brothers. Fisher owned the timber tract he was logging, but was under no obligation to deliver logs to the mill.

Fisher and Bruce Leighty, the owner of the mill, had worked out an arrangement whereby Leighty would withhold one dollar per thousand feet of timber delivered to take care of social security, unemployment and industrial accident insurance on Fisher's employees. Mrs. Fisher would turn in a list of her hus-

band's employees, and their respective work-time, to Leighty's bookkeeper; Leighty would, in turn, pay these employees through his own account out of money Fisher might have due him. The arrangement was to assist Fisher in his bookkeeping, as well as provide a means whereby he need not put up the necessary deposit to establish his own workmen's compensation program.

On the date of the accident, Simons, according to his own statement, had just started to work for Fisher, and had gone up to look the job over to see what his duties would be, and whether it was the type of work on which he could employ some of his own machinery. Fisher had apparently hired Simons to get his operation on a productive basis, and it was the latter's duty to generally oversee the entire operation.

At the hearing, it was noted Fisher personally was not at the time of the accident, covered by any of the compensation plans available in this State. Further, Leighty testified he had no record of Simons being employed either by him or Fisher, and that no report of an injury ever reached him. Fisher, himself, was apparently unavailable for questioning at the hearing.

This case turns squarely on the applicable sections of the Workmen's Compensation Act. Section 92-211, R.C.M.1947, reads: "No compensation shall be paid to any employee, whether such employee has elected to come under this act or not, where his employer has failed to elect, and has failed to come under one or the other of the compensation plans herein provided." Section 92-207, R.C.M.1947, states in part, "Every employer engaged in the industries, works, occupations, or employments in this act specified as 'hazardous,' shall * * * elect or choose which of the plans mentioned in this act he or it will be bound by. Such election shall be in the form prescribed by the board, and shall state whether such employer shall be bound by compensation plan number one, or compensation plan number two, or compensation plan number three, and a notice of such election, with the nature thereof shall be posted in a

conspicuous place in the place of business of such employer, and a copy of such notice, together with an affidavit of such posting shall be filed with the board."

The Act contemplates an employee-employer relationship between the individual to be covered and the employer. Such was not shown to be the case here. There is no provision in the Act which empowers an employee, alone, to elect to come under any of the three available plans, if his employer has not made appropriate arrangements beforehand. Nor is there a provision which allows an arrangement such as that which existed between Fisher and Leighty.

It is nowhere shown, either through testimony or the Board's records, that Fisher had elected to come under the Workmen's Compensation Act. Also, the payroll records of the Board make no indication of the Fisher-Leighty arrangement. Due to the conspicuous lack of testimony on Fisher's part there is no clear evidence as to the relation of Simons to Fisher, or Fisher to Leighty. The final connective link is missing. There was no evidence of a salary being paid, or that one was even owed or claimed. Appellant has not carried his required burden of showing the relation between Simons and Fisher, or whether there was any contemplation of carrying the appellant on the pay arrangement existing with Leighty. Leighty had no record of Simons working for Fisher either at the time of the accident or after, and he had no report of any injury occurring to any of the employees of Fisher.

The appellant cites two cases, Williams v. Brownfield-Canty Carpet Co., 95 Mont. 364, 26 P.2d 980 (1933), and Aleksich v. Industrial Accident Fund, 116 Mont. 127, 151 P. 1016 (1944), to the effect that if any employer's employees are covered under the Act, then all of his employees are likewise covered.

Such a statement of the law is partially correct, however, the necessity of an employer to elect to be covered by workmen's compensation is not eliminated. In the instant case, Fisher had not elected to be covered by the Act, nor could

Simons be considered an employee of Leighty's and thereby secure coverage.

It appears, therefore that appellant's only remedy is a common-law action against Fisher, who has been deprived of his common-law defenses under section 92-201, R.C.M.1947.

The appellant raises a second alleged error in that the board and the district court disallowed the claimant's claim for reimbursement for all sheriff's and witnesses' fees, the claimant having subpoenaed all people who had worked for Fisher. Claimant now insists that the record reveals an abuse of discretion. Yet, during oral argument counsel admitted knowing the whereabouts of Fisher but did not desire a statement from him. The one person who might have shed some light on the facts was not desired. We do not see how an abuse of discretion was shown.

Not having found any error, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.